IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:15-cv-385

KIMBERLY H. STODDARD,

Plaintiff,

vs.

FIRST UNUM LIFE INSURANCE COMPANY,

Defendant.

**COMPLAINT**

**Preliminary Statement[1]**

Plaintiff brings this action under ERISA, 29 U.S.C. § 1101 *et seq.*, to seek payment of long-term disability (LTD) benefits under a group long-term disability benefit plan insured and administered by First Unum Life Insurance Company.

**Parties**

1. Plaintiff, KIMBERLY H. STODDARD, is a citizen and resident of Orange County, North Carolina.

2. Defendant, FIRST UNUM LIFE INSURANCE COMPANY, (hereinafter

---

[1] The preliminary statement offers an overview of Plaintiff's claim and is not intended as a factual allegation to be answered by Defendants.

"Unum"), is duly incorporated under the laws of the State of New York and is authorized to do business in the State of North Carolina.

3. Defendant Unum insured and administered the Intermedia Advertising Group, Inc. Long-Term Disability Benefit Plan (the "Plan") at all times relevant to this action.

## Jurisdiction and Venue

4. This Court has jurisdiction to hear this claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), and in particular 29 U.S.C. § 1132(e) and 1132(f) contained therein, which give District Courts jurisdiction to hear civil actions involving benefit claims arising under Employee Welfare Plans such as the one at issue in this action.

5. 28 U.S.C. § 1331 gives District Courts jurisdiction to hear cases involving actions arising under the laws of the United States.

6. Venue in the Western District of North Carolina is appropriate because Defendant is present and does business in this district. 29 U.S.C. §1132(e)(2) provides that a civil action can be filed where a defendant resides or may be found.

## Factual Allegations

7. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Intermedia Advertising Group, Inc. Long-Term Disability Benefit Plan (the "Plan").

8. The Plan and Plan Sponsor have delegated all LTD claims administration

responsibility to Unum. The Plan is fully insured by an LTD insurance policy issued by Unum.

9. Plaintiff was employed fulltime by Intermedia Advertising Group, Inc. until June 2004, when she was forced to stop working because of disability. Her occupation at the time she became disabled was as a Creative Director.

10. Plaintiff suffers from Multiple Sclerosis, with associated symptoms that render her disabled. Her MS is relapsing-remitting in nature. She experiences symptoms on a daily basis, with lessening and worsening degrees of intensity, typically exacerbated by over-exertion, heat, stress and fatigue. As a result, she cannot reliably perform the essential functions of her occupation.

11. Plaintiff applied for LTD benefits on account of her disability, and Unum found that she was disabled under the terms of the plan, with a disability onset date of June 4, 2004.

12. The Plan contains an "own occupation" definition of disability. Plaintiff is disabled under the terms of the Plan if she is limited from performing the material and substantial duties of your regular occupation.

13. Plaintiff does not need to show that she is totally disabled from any occupation for which she might be reasonably suited, as long as she meets the "own occupation" criteria set forth in the Plan.

14. In the years between her disability benefit application and 2014, Plaintiff provided regular updates on her condition to Unum and complied with all requests for

medical and other information directed to her by Unum.

15. In 2014, Defendant Unum reviewed Plaintiff's LTD claim and concluded that she was no longer disabled. Unum therefore terminated Plaintiff's benefits, as of December 1, 2014.

16. Plaintiff timely appealed this decision and submitted additional supporting materials showing that she remained disabled.

17. Defendant denied Plaintiff's appeal by letter dated August 18, 2015.

18. Plaintiff now has exhausted her administrative remedies, and the claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

**First Claim for Relief:**
**Wrongful Denial of Benefits**
**Under ERISA, 29 U.S.C. § 1132**

19. The LTD Plan at issue in this action does not give Defendant discretion in its interpretation of the Plan and its benefit determinations. The standard of review by this Court therefore is *de novo*.

20. Defendant has wrongfully denied LTD benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

   a. Plaintiff is disabled, as defined by the LTD benefits policy and plan, in that she is unable to perform the material duties of her regular occupation, within the definitions prescribed by the Policy and Plan;

   b. Defendant failed to accord proper weight to the evidence in the

administrative record showing that Plaintiff is disabled;

  c. Defendant's interpretation of the definition of disability contained in the Policy is contrary to plain language of the Policy and is unreasonable; and

  d. Defendant has violated its contractual obligation to furnish LTD benefits to Plaintiff.

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to LTD benefits under the terms of the Plan, and that Defendant be ordered to pay LTD benefits according to the terms of the Plan;

2. Enter an order directing defendant Unum to pay prejudgment interest to plaintiff at the interest rate of 8% per annum on all LTD benefits that have accrued prior to the date of judgment;

3. Enter an Order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful denial of coverage pursuant to 29 U.S.C. § 1132(g); and

4. Enter an award for such other relief as may be just and appropriate.

This the 24th day of August, 2015.

       /s/Edward G. Connette
       Edward G. Connette
       N.C. Bar No. 9172

*Counsel for Plaintiff*
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203-4727
Ph (704) 285-7622
Fax (704) 372-1357
E-mail: EConnette@EssexRichards.com